JOHN T. GORMAN
Federal Public Defender
First Hawaiian Bank Building
400 Route 8, Suite 501
Mongmong, Guam 96910
Telephone:   (671) 472-7111
Facsimile:    (671) 472-7120

Attorney for Defendant
JOVENO CATAMA FERNANDEZ, JR.

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR 07-00065 |
| | ) | |
| Plaintiff, | ) | RESPONSE TO DRAFT PRESENTENCE |
| | ) | REPORT AND SENTENCING |
| vs. | ) | RECOMMENDATION |
| | ) | |
| JOVENO CATAMA FERNANDEZ, JR., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Defendant, JOVENO CATAMA FERNANDEZ, JR., by and through counsel, John T. Gorman, Federal Public Defender, respectfully accepts and adopts the findings of the Draft Presentence Investigation Report with the following exceptions.

> **FERNANDEZ'S TOTAL OFFENSE LEVEL IS 12 AS THE OFFENSES OF PERJURY AND MARRIAGE FRAUD INVOLVE SUBSTANTIALLY THE SAME HARM. PURSUANT TO § 3D1.2 OF THE SENTENCING GUIDELINES, THESE OFFENSES SHOULD BE GROUPED TOGETHER.**

Even in the byzantine world of the Sentencing Guidelines, the rules governing the grouping of multiple counts is notoriously confusing. However, the decision here is fairly

straightforward as the counts of Perjury and Marriage Fraud involve substantially the same harm, the same victim and the same act and transaction and/or constitute part of a common scheme or plan. Thus, the offenses should be grouped together.

Chapter 3D of the Guidelines, **Multiple Counts**, sets out the rules for determining a single offense level for all the counts of which a defendant is convicted. As the Chapter 3D Introductory Commentary notes:

> Some offenses may be charged in multiple-count indictments are so closely intertwined with other offenses that conviction for them ordinarily would not warrant increasing the guideline range. For example, embezzling money from a bank and falsifying the related records, although legally distinct offenses, represent essentially the same type of wrongful conduct with the same ultimate harm, so that it would be more appropriate to treat them as a single offense for purposed of sentencing. . . . In essence, counts that are grouped together are treated as constituting a single offense for purposes of the guidelines.

Section 3D1.2, **Groups of Closely Related Counts** states that "all counts involving substantially the same harm shall be grouped together into a single group." Subsections (a) through (d) set forth the circumstances in which multiple counts should be grouped together. Fernandez's conduct is appropriate for grouping under either under subsections (a) or (b). Subsection (a) deals with a single act or transaction and subsection (b) deals with a two or more acts or transactions connected by a common criminal objective or scheme or plan.

Fernandez's respectfully submits that his conduct clearly applies under Subsection (b), which states grouping is appropriate, "When counts involve the same victim and two or more acts or transactions connected by a common criminal objective or constituting part of a common

2

scheme or plan." His conduct involved the same victim, U.S. Citizenship and Immigration Services, (CIS), and the common criminal objective or scheme or plan was the deception of the CIS as to the validity of his marriage.

Fernandez' conduct could also be considered applicable under Subsection (a) which recommends grouping "When counts involve the same victim or act or transaction." As noted above, the victim is the same, CIS, and the same act or transaction is the May 16, 2007, CIS interview when the perjury took place.

The examples provided by the Sentencing Commission in the Application Notes to § 3D1.2 further buttress Fernandez's claim that the two counts should be grouped. Application Note 3, which deals with single transaction offenses states:

> (1) The defendant is convicted of forging and uttering the same check. The counts are to be grouped together. (2) The defendant is convicted of kidnapping and assaulting the victim during the course of the kidnapping. The counts are to be grouped together. (3) The defendant is convicted of bid rigging (an antitrust offense) and of mail fraud for signing and mailing a false statement that the bid was competitive. The counts are to be grouped together . . . .

Section 3D1.2, Application Note 3.

Application Note 4, which deals with two or more transactions, states:

> (1) The defendant is convicted of one count of conspiracy to commit extortion and one count of extortion for the offense he conspired to commit. The counts are to be grouped. (2) The defendant is convicted of two counts of mail fraud and one count of wire fraud, each in furtherance of a single fraudulent scheme. The counts are to be grouped together, even if the mailings and telephone call occurred on different days. (3) The defendant is convicted of one count of auto theft and one count of altering the vehicle identification number of the car he stole. The counts are to be grouped together.

3

Section 3D1.2, Application Note 4.

Fernandez's counts must be grouped as they involve substantially the same harm. There is no doubt that both offenses involve the same victim. Fernandez submits that subsection (b) which covers two or more transactions connected by a common criminal objective or scheme or plan applies in this matter. However, even if this Court finds subsection (a) which covers a single transaction is applicable, the result remains the same.

Since the counts are to be grouped, § 3D1.3(a) mandates that the applicable offense level is whichever is the highest of the two offenses. The perjury count has the highest offense level, which is 14. The correct Total Offense Level is then 12, after the 2 level decrease for Acceptance of Responsibility. The advisory guideline range for Total Offense Level 12 and Criminal History Category I is 10-16 months.

## OTHER EXCEPTIONS

1. Fernandez is 5'5" and weighs 130 pounds.

2. Paragraph 71 is incorrect regarding Fernandez's association with Limitz, Sports and Karaoke Bar. He was employed as a part-time bartender at Limitz from March, 2000 to October, 2007. He was a part-owner of Limitz from November, 2005 to October, 2007. He never drew a regular salary during his time working at Limitz and seldom received any compensation.

## SENTENCING RECOMMENDATION

Fernandez respectfully submits that a sentence of 10 months incarceration and 3 years supervised release is fair, just and appropriate. This is the same sentence his co-defendant, Ju Mi An received. Fernandez has already suffered greatly from the loss of his job and livelihood. He will

4

also face unique and hazardous conditions in prison as he is a former police officer. *See* <u>U.S. v. Koon</u>, 518 U.S. 81 (1996), (District Court allowed to take into account police officers high susceptibility to abuse in prison in downward departure). The proposed sentence takes into account Fernandez's history and characteristics and also meets the objectives of punishment, deterrence, respect for the law and protection of the public.

DATED: Mongmong, Guam, April 21, 2008.

/s/ JOHN T. GORMAN

*John T. Gorman*
Federal Public Defender
District of Guam
Phone: (671) 472-7111
Facsimile: (671) 472-7120
GMT + 10:00 Hours

Attorney for Defendant
JOVENO CATAMA FERNANDEZ, JR.

5

## CERTIFICATE OF SERVICE

I, JOHN T. GORMAN, hereby certify that a true and exact copy of the foregoing document was electronically filed with U.S. District Court and electronically served by the U.S. District Court Clerk's Office to the following on April 21, 2008:

KARON V. JOHNSON
Assistant United States Attorney
Sirena Plaza
108 Hernan Cortez, Ste. 500
Hagatna, Guam 96910

Attorney for Plaintiff
UNITED STATES OF AMERICA


STEPHEN GUILLIOT
U.S. Probation Officer
U.S. Probation Office
Districts of Guam and NMI
2nd Floor, U.S. District Court

DATED: Mongmong, Guam, April 21, 2008

/s/ JOHN T. GORMAN

*John T. Gorman*
Federal Public Defender
District of Guam
Phone: (671) 472-7111
Facsimile: (671) 472-7120
GMT + 10:00 Hours

Attorney for Defendant
JOVENO CATAMA FERNANDEZ, JR.