jovenofernandez

LEONARDO M. RAPADAS
United States Attorney
KARON V. JOHNSON
Assistant U.S. Attorney
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagatna, Guam 96910
Telephone: (671) 472-7332
Telecopier: (671) 472-7334

Attorneys for the United States of America

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF GUAM

| UNITED STATES OF AMERICA, | ) CRIMINAL CASE NO. 07-00065 |
|---|---|
| Plaintiff, | ) |
| vs. | ) **UNITED STATES RESPONSE TO** |
|  | ) **ISSUE OF GROUPING COUNTS** |
| JOVENO C. FERNANDEZ, | ) |
| Defendants. | ) |

Defendant objected to the total offense level of 14, which the presentence report assigned after counting defendant's conviction for marriage fraud separately from that of perjury. He reasons that these two offenses should be grouped under USSG 3D1.2(b) as counts involving the same victim and acts which were connected by a common criminal objective or which constituted part of a common scheme or plan.

Upon further consideration, the government believes that defendant is correct. This section is designed to avoid increases in sentences for crimes which are technically distinct but are related forms of criminal conduct. Courts look to whether each crime impacts on a separate victim, and the type of harm each crime causes. A similar issue came before this court in United States v. Ninete, Cr. No. 03-00050, which concerned a customs officer who was taking bribes to allow the illegal importation of counterfeit merchandise from Korea. The sentencing court followed the recommendation of the U.S. Probation Office and declined to group the disparate

1  counts. Its decision was affirmed in an unpublished opinion at 141 Fed.Appx. 531, 2005 WL
2  1621222. The case turned on the different measurement of harm which each offense caused.
3       Here, the harm caused by defendant's marriage fraud concerns the same kind of harm
4  caused by his perjury: in both instances, to gain illegal benefits in violation of U.S. immigration
5  laws. Given that both counts represent acts committed in furtherance of a common scheme or
6  plan, and the victim is the United States immigration service, the government believes that
7  defendant's objection is well taken.
8       Accordingly, the government agrees that defendant's adjusted offense level should be 14.
9  Less 2 levels for acceptance of responsibility, his total offense level would be 12, bringing a term
10 of incarceration between 10-16 months.
11      RESPECTFULLY SUBMITTED this  23rd  day of April, 2008.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

By:    /s/ Karon V. Johnson
KARON V. JOHNSON
Assistant United States Attorney